# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BILL K. BEIERSDORF,

        Plaintiff,

v.

WARDEN RONALD MALONE, DR. TOM URBANOWICZ, DEBRA TARKOWSKI, TINA WATTS, MARY JO TRUNELL, HEATHER PAULSEN, BRADLEY HOMPE, CINDY O'DONNELL, LORI ALSUM, and JOHN DOE,

        Defendants.

Case No. 18-CV-38-JPS

**ORDER**

     Plaintiff Bill K. Beiersdorf was an inmate housed at the Milwaukee Secure Detention Facility. On January 8, 2018, Plaintiff filed this civil rights action alleging that Defendants were deliberately indifferent to his dental needs, in violation of the Eighth Amendment. (Docket #1). Specifically, he alleges that between October 2016 and April 2018, he was not provided with dental treatment to address his complaints of severe tooth pain. *Id.*

     On November 1, 2018, Defendants filed a motion for summary judgment. (Docket #22). They argue that Plaintiff's deliberate indifference claim fails on the merits because the indisputable evidence shows that Plaintiff was routinely provided with dental treatment to address his complaints of pain each time that he requested treatment. *Id.* at 10–20. In addition to summary judgment on the merits, Defendants also requested summary judgment on the basis of qualified immunity. *Id.* at 20–22.

On December 3, 2018, Plaintiff filed a motion seeking an extension of his deadline to respond to the Defendants' motion for summary judgment. (Docket #35). His response brief was due that day. *See* Civ. L. R. 56(b)(2). Plaintiff indicated in his motion that his limited access to the resources needed to prepare his response brief prevented him from completing a timely submission. The Court granted Plaintiff an extension and set a new summary judgment response deadline of January 3, 2019. (Docket #36).

Plaintiff's response deadline has long since passed without a response being filed or the Court receiving any other communication from Plaintiff. On April 18, 2019, Defendants filed a motion to dismiss this action in light of Plaintiff's failure to prosecute it. (Docket #37).

Federal Rule of Civil Procedure 41(b) allows the Court, upon Defendants' motion, to dismiss an action when "the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b). Plaintiff has failed to prosecute this action by not responding to Defendants' motion for summary judgment, and he has wasted the Court's time by requesting an extension of his response deadline with no intention of actually filing a response. In light of these things, the Court will grant Defendants' motion to dismiss for failure to prosecute, deny their summary judgment motion as moot, and dismiss this case. Consistent with Rule 41(b), this dismissal operates as an adjudication on the merits and is therefore with prejudice.

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss for failure to prosecute (Docket #37) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (Docket #22) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of April, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge